# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

**In re**

**HORNBLOWER HOLDINGS**, LLC *et al.* [1]

**Debtor.**

-----------------------------------------------------------x

**THERESA VANBUREN and MONICA MILLER** on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

**Walks, LLC (Texas)**
**Hornblower Holdings LLC**
**Alcatraz Cruises, LLC**
**Alcatraz Fleet, LLC**
**Alcatraz Freedom, LLC**
**Alcatraz Island Services, LLC**
**American Countess, LLC**
**American Duchess, LLC**
**American Queen Holdco, LLC**
**American Queen Holdings, LLC**
**American Queen Steamboat Operating Company, LLC**
**American Queen Sub, LLC**
**Anchor Mexico Holdings, LLC**
**Anchor Operating System LLC**
**ASG Advisors, LLC**
**Babarusa, LLC**
**Bay State, LLC**
**Booth Primary, LLC**
**Boston Harbor Cruises, LLC**

Chapter 11
Case No. 24-90061 (MI)

Adversary Proceeding
No._____

**CLASS ACTION ADVERSARY PROCEEDING COMPLAINT**

---

[1] The last four digits of Debtor Hornblower Holdings LLC's tax identification number are 6035. Due to the large number of debtor entities in these chapter 11 cases, for which the Debtors have requested joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/Hornblower. The location of the Debtors' service address for purposes of these chapter 11 cases is: Pier 3 on The Embarcadero, San Francisco, CA 94111.

**Choi Advisory, LLC**
**City Cruises Café, LLC**
**City Cruises Limited**
**City Ferry Transportation Services, LLC**
**Colugo Liner, LLC**
**Cruising Excursions Limited**
**Cruising Excursions Transport Limited**
**EON Partners, LLC**
**Falls Mer, LLC**
**Ferryboat Santa Rosa, LLC**
**Gharian Holdings, LLC**
**Gourd Management, LLC**
**HBAQ Holdings, LLC**
**HBAQ Holdings, LP**
**HMS American Queen Steamboat Company, LLC**
**HMS Ferries, Inc.**
**HMS Ferries – Puerto Rico, LLC**
**HMS Global Maritime, Inc.**
**HMS Global Maritime, LLC**
**HMS Vessel Holdings, LLC**
**HMS-Alabama, Inc.**
**HMS-Oklahoma, Inc.**
**HMS-WestPac, Inc.**
**HNY Ferry Fleet, LLC**
**HNY Ferry, LLC**
**HNY Ferry II, LLC**
**Hornblower Cable Cars, Inc.**
**Hornblower Canada Co.**
**Hornblower Canada Entertainment Limited**
**Hornblower Canadian Holdings, Inc.**
**Hornblower Consulting, LLC**
**Hornblower Cruise Holdings, LLC**
**Hornblower Cruises and Events, Inc.**
**Hornblower Cruises and Events, LLC**
**Hornblower Cruises and Events Canada Limited**
**Hornblower Development, LLC**
**Hornblower Energy, LLC**
**Hornblower Facility Operations, LLC**
**Hornblower Ferry Holdings, LLC**
**Hornblower Ferry Holdings II, LLC**
**Hornblower Fleet, LLC**
**Hornblower Freedom, LLC**
**Hornblower Group Holdco, LLC**
**Hornblower Group, Inc.**

**Hornblower Group, LLC**
**Hornblower Holdco, LLC**
**Hornblower Holdings LP**
**Hornblower Hospitality Services, LLC**
**Hornblower India Holdings, LLC**
**Hornblower Metro Ferry, LLC**
**Hornblower Metro Fleet, LLC**
**Hornblower Metro Holdings, LLC**
**Hornblower Municipal Operations, LLC**
**Hornblower New York, LLC**
**Hornblower Shipyard, LLC**
**Hornblower Sub, LLC**
**Hornblower UK Holdings, Limited**
**Hornblower Yachts, LLC**
**JJ Audubon, LLC**
**Journey Beyond Holdings, LLC**
**Liberty Cruises, LLC**
**Liberty Fleet, LLC**
**Liberty Hospitality, LLC**
**Liberty Landing Ferries, LLC**
**Lyman Partners, LLC**
**Madison Union, LLC**
**Mission Bay Water Transit Fleet, LLC**
**Mission Bay Water Transit, LLC**
**Orane Partners, LLC**
**San Francisco Pier 33, LLC**
**SEA Operating Company, LLC**
**Seaward Services, Inc.**
**Statue Cruises, LLC**
**Statue of Liberty IV, LLC**
**Statue of Liberty V, LLC**
**Statue of Liberty VI, LLC**
**TCB Consulting, LLC**
**Venture Ashore, LLC**
**Victory Holdings I, LLC**
**Victory Holdings II, LLC**
**Victory Operating Company, LLC**
**Walks, LLC (Delaware)**
**Walks of New York Tours, LLC**
**Yardarm Club (The) Limited and**
**York River Boat Cruises Limited**
                         **Defendants**.

--------------------------------------------------------------------

**CLASS ACTION ADVERSARY PROCEEDING COMPLAINT**

Theresa VanBuren and Monica Miller ("Plaintiffs") by and through undersigned counsel, on behalf of themselves and all other similarly situated persons, as and for their complaint against: Walks, LLC (Texas) Hornblower Holdings LLC Alcatraz Cruises, LLC Alcatraz Fleet, LLC Alcatraz Freedom, LLC Alcatraz Island Services, LLC American Countess, LLC American Duchess, LLC American Queen Holdco, LLC American Queen Holdings, LLC American Queen Steamboat Operating Company, LLC American Queen Sub, LLC Anchor Mexico Holdings, LLC Anchor Operating System LLC ASG Advisors, LLC Babarusa, LLC Bay State, LLC Booth Primary, LLC Boston Harbor Cruises, LLC Choi Advisory, LLC City Cruises Café, LLC City Cruises Limited City Ferry Transportation Services, LLC Colugo Liner, LLC Cruising Excursions Limited Cruising Excursions Transport Limited EON Partners, LLC Falls Mer, LLC Ferryboat Santa Rosa, LLC Gharian Holdings, LLC Gourd Management, LLC HBAQ Holdings, LLC HBAQ Holdings, LP HMS American Queen Steamboat Company, LLC HMS Ferries, Inc. HMS Ferries – Puerto Rico, LLC HMS Global Maritime, Inc. HMS Global Maritime, LLC HMS Vessel Holdings, LLC HMS-Alabama, Inc. HMS-Oklahoma, Inc. HMS-WestPac, Inc. HNY Ferry Fleet, LLC HNY Ferry, LLC HNY Ferry II, LLC Hornblower Cable Cars, Inc. Hornblower Canada Co. Hornblower Canada Entertainment Limited Hornblower Canadian Holdings, Inc. Hornblower Consulting, LLC Hornblower Cruise Holdings, LLC Hornblower Cruises and Events, Inc. Hornblower Cruises and Events, LLC Hornblower Cruises and Events Canada Limited Hornblower Development, LLC Hornblower Energy, LLC Hornblower Facility Operations, LLC Hornblower Ferry Holdings, LLC Hornblower Ferry Holdings II, LLC Hornblower Fleet, LLC Hornblower Freedom, LLC Hornblower Group Holdco, LLC Hornblower Group, Inc. Hornblower Group, LLC Hornblower Holdco, LLC Hornblower Holdings LP Hornblower Hospitality Services, LLC Hornblower India

Holdings, LLC Hornblower Metro Ferry, LLC Hornblower Metro Fleet, LLC Hornblower Metro Holdings, LLC Hornblower Municipal Operations, LLC Hornblower New York, LLC Hornblower Shipyard, LLC Hornblower Sub, LLC Hornblower UK Holdings, Limited Hornblower Yachts, LLC JJ Audubon, LLC Journey Beyond Holdings, LLC Liberty Cruises, LLC Liberty Fleet, LLC Liberty Hospitality, LLC Liberty Landing Ferries, LLC Lyman Partners, LLC Madison Union, LLC Mission Bay Water Transit Fleet, LLC Mission Bay Water Transit, LLC Orane Partners, LLC San Francisco Pier 33, LLC SEA Operating Company, LLC Seaward Services, Inc. Statue Cruises, LLC Statue of Liberty IV, LLC Statue of Liberty V, LLC Statue of Liberty VI, LLC TCB Consulting, LLC Venture Ashore, LLC Victory Holdings I, LLC  Victory Holdings II, LLC Victory Operating Company, LLC Walks, LLC (Delaware) Walks of New York Tours, LLC Yardarm Club (The) Limited and York River Boat Cruises Limited  ("Defendants"), allege as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 1367.

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

## NATURE OF THE ACTION

3. This is a class action for the recovery by Plaintiffs and other Similarly Situated Employees of the Defendants, as a single employer, of damages in the amount of 60 days' pay and ERISA benefits by reason of Defendants' violation of the Plaintiffs' rights under the Worker Adjustment and Retraining Notification Act of 1988 29 U.S.C. §§ 2101-2109 *et. seq.* (the "WARN Act").  Although the Plaintiffs and the Other Similarly Situated Employees were nominally employed by Defendant, American Queen Steamboat Operating Company, LLC, ("American

5

Queen"), pursuant to the WARN Act's single employer rule, Walks, LLC (Texas) Hornblower Holdings LLC Alcatraz Cruises, LLC Alcatraz Fleet, LLC Alcatraz Freedom, LLC Alcatraz Island Services, LLC American Countess, LLC American Duchess, LLC American Queen Holdco, LLC American Queen Holdings, LLC American Queen Sub, LLC Anchor Mexico Holdings, LLC Anchor Operating System LLC ASG Advisors, LLC Babarusa, LLC Bay State, LLC Booth Primary, LLC Boston Harbor Cruises, LLC Choi Advisory, LLC City Cruises Café, LLC City Cruises Limited City Ferry Transportation Services, LLC Colugo Liner, LLC Cruising Excursions Limited Cruising Excursions Transport Limited EON Partners, LLC Falls Mer, LLC Ferryboat Santa Rosa, LLC Gharian Holdings, LLC Gourd Management, LLC HBAQ Holdings, LLC HBAQ Holdings, LP HMS American Queen Steamboat Company, LLC HMS Ferries, Inc. HMS Ferries – Puerto Rico, LLC HMS Global Maritime, Inc. HMS Global Maritime, LLC HMS Vessel Holdings, LLC HMS-Alabama, Inc. HMS-Oklahoma, Inc. HMS-WestPac, Inc. HNY Ferry Fleet, LLC HNY Ferry, LLC HNY Ferry II, LLC Hornblower Cable Cars, Inc. Hornblower Canada Co. Hornblower Canada Entertainment Limited Hornblower Canadian Holdings, Inc. Hornblower Consulting, LLC Hornblower Cruise Holdings, LLC Hornblower Cruises and Events, Inc. Hornblower Cruises and Events, LLC Hornblower Cruises and Events Canada Limited Hornblower Development, LLC Hornblower Energy, LLC Hornblower Facility Operations, LLC Hornblower Ferry Holdings, LLC Hornblower Ferry Holdings II, LLC Hornblower Fleet, LLC Hornblower Freedom, LLC Hornblower Group Holdco, LLC Hornblower Group, Inc. Hornblower Group, LLC Hornblower Holdco, LLC Hornblower Holdings LP Hornblower Hospitality Services, LLC Hornblower India Holdings, LLC Hornblower Metro Ferry, LLC Hornblower Metro Fleet, LLC Hornblower Metro Holdings, LLC Hornblower Municipal Operations, LLC Hornblower New York, LLC Hornblower Shipyard, LLC Hornblower Sub, LLC Hornblower UK Holdings, Limited Hornblower Yachts, LLC

JJ Audubon, LLC Journey Beyond Holdings, LLC Liberty Cruises, LLC Liberty Fleet, LLC Liberty Hospitality, LLC Liberty Landing Ferries, LLC Lyman Partners, LLC Madison Union, LLC Mission Bay Water Transit Fleet, LLC Mission Bay Water Transit, LLC Orane Partners, LLC San Francisco Pier 33, LLC SEA Operating Company, LLC Seaward Services, Inc. Statue Cruises, LLC Statue of Liberty IV, LLC Statue of Liberty V, LLC Statue of Liberty VI, LLC TCB Consulting, LLC Venture Ashore, LLC Victory Holdings I, LLC  Victory Holdings II, LLC Victory Operating Company, LLC Walks, LLC (Delaware) Walks of New York Tours, LLC Yardarm Club (The) Limited and York River Boat Cruises Limited were also the Plaintiffs's and the Other Similarly Situated Employees "Employer" until they were terminated as part of, or as a result of a mass layoff and/or plant closing ordered by Defendants on or about February 20, 2024 and thereafter. The Defendants violated the WARN Act by failing to give the Plaintiffs and the Other Similarly Situated Employees of the Defendants at least 60 days' advance written notice of termination, as required by the WARN Act. As a consequence, the Plaintiffs and the Other Similarly Situated Employees of the Defendants are entitled under the WARN Act to recover from the Defendants their wages and ERISA benefits for 60 days, none of which has been paid.

**PARTIES**

4. Upon information and belief, at all relevant times, Defendants which maintained facilities throughout the United States (the "Facilities").

5. Upon information and belief, at all relevant times, Defendants, as a single employer jointly maintained, owned, and operated the Facilities.

6. On or about February 21, 2024 Defendants filed with this Court voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.

7

7. Plaintiff Theresa VanBuren was an employee who was employed by Defendants, as a single employer, and worked at or reported to a facility located in Fort Lauderdale, FL (the "Fort Lauderdale Facility") until her termination without cause on or about February 20, 2024.

8. Plaintiff Monica Miller was an employee who was employed by Defendants, as a single employer, and worked at or reported to the Fort Lauderdale Facility until her termination without cause on or about February 20, 2024

9. Plaintiffs and the Other Similarly Situated Employees were employed by Defendants as a single employer at the Facilities until their termination without cause on or about February 20, 2024 and thereafter at which time Defendants ordered a mass layoff and/or plant closing of the Facilities.

10. Upon information and belief, approximately 2600 persons were employed at the Facilities by Defendants until their termination without cause on or about February 20, 2024 and thereafter.

11. The Plaintiffs bring this action on their own behalf and, pursuant to Rules 7023(a) and (b) of the Federal Rules of Bankruptcy, Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and the WARN Act, 29 U.S.C. § 2104(a)(5), on behalf of all other employees of the Defendants who also worked at or reported to the Facilities, and who were terminated as part of or as the foreseeable result of a mass layoff and/or plant closing at the Facilities ordered by Defendants on or about February 20, 2024 and thereafter (collectively, "the Class").

12. On or about February 20, 2024 and thereafter, Defendants, as a single employer, ordered the termination of the Plaintiffs' employment together with the termination of all other employees who worked at or reported to the Facilities as part of a mass layoff and/or plant

closing as defined by the WARN Act for which they were entitled to receive 60 days advance written notice under the WARN Act.

13. Upon information and belief, Defendants constituted a "single employer" of the Plaintiffs and the other Class members in that among other things:

*Common Ownership*

(a) Upon information and belief, all Defendants are 100% owned by Hornblower Holdings, LLC.

*Common Directors and Officers*

(b) Upon information and belief, at all relevant times, the Defendants shared common officers and Directors.

*Dependency of Operations*

(c) Upon information and belief, at all relevant times, there was a dependency of operations between Defendants.

*Unity of Personnel Policies*

(d) Upon information and belief, at all relevant times there was a unity of personnel policies emanating from a common source between Defendants.

(e) Upon information and belief, all of the Defendants decided to effectuate the mass layoff and/or plant closing at the Facilities without providing a WARN notice.

*De Facto Control*

(f) Upon information and belief, all of the Defendants exercised de facto control over the labor practices governing the Plaintiffs and the Class including the decision to order the mass layoff and/or plant closing at the Facilities.

**CLASS ACTION ALLEGATIONS 29 U.S.C. § 2104**

14. The Plaintiffs and each person they seek to represent herein, were discharged on or about February 20, 2024 and thereafter without cause on his or her part and are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

15. The Plaintiffs bring this action on their own behalf and, pursuant to the WARN Act, and Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b) of the Federal Rules of Civil Procedure, on behalf of all other similarly situated former employees of Defendants who were terminated on or about February 20, 2024 and thereafter, who worked at or reported to the Facilities until their terminations.

16. On or about February 20, 2024 and thereafter, Defendants terminated the Plaintiffs' employment as part of a mass layoff and/or plant closing which qualifies as an event for which they were entitled to receive to sixty (60) days' advance written notice under the WARN Act.

17. Defendants as a single employer never gave Plaintiffs the statutorily required sixty (60) days advance written notice of the mass layoff and/or plant closing in violation of the WARN Act.

18. At or about the time that the Plaintiffs were discharged on or about February 20, 2024 and thereafter, Defendants discharged approximately 2600 other employees at the Facilities (the "Other Similarly Situated Former Employees") without cause on their part.

19. Pursuant to WARN Act 29 U.S.C. § 2104(a)(5), the Plaintiffs maintain this claim on behalf of each of the Other Similarly Situated Former Employees and for his or her benefit.

20. Each of the Other Similarly Situated Former Employees is similarly situated to the Plaintiffs in respect to his or her rights under the WARN Act.

21. The Plaintiffs and the Other Similarly Situated Former Employees were discharged by Defendants, without cause on their part.

22. The Plaintiffs and each of the Other Similarly Situated Former Employees are "affected employees" within the meaning of WARN Act 29 U.S.C. § 2101(a)(5).

23. Defendants were required by the WARN Act to give the Plaintiffs and the Other Similarly Situated Former Employees at least sixty (60) days prior written notice of their respective terminations.

24. Prior to their termination, neither the Plaintiffs nor the Other Similarly Situated Former Employees received written notice that complied with the requirements of the WARN Act.

25. Defendants failed to pay the Plaintiffs and the Other Similarly Situated Former Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) calendar days following their respective terminations and failed to make the 401(k) contributions and provide health insurance coverage and other employee benefits under ERISA in respect to them for sixty (60) calendar days from and after the dates of their respective terminations.

## CLASS ACTION ALLEGATIONS RULE 7023 (a) and (b)

26. The Plaintiffs assert this claim on behalf of themselves and the Other Similarly Situated Former Employees pursuant to Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

27. The Plaintiffs and the Other Similarly Situated Former Employees constitute a class within the meaning of Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure (The "Class").

28. Common questions of law and fact are applicable to all members of the Class.

29. The common questions of law and fact arise from and concern the following facts and

actions, among others, that Defendants committed or failed to commit as to all members of the Class: all Class members enjoyed the protection of the WARN Act; all Class members were employees of Defendants who, prior to the terminations, worked at or reported to the Facilities; Defendants as a single employer terminated the employment of all the members of the Class without cause on their part without giving them at least sixty (60) days' prior written notice as required by the WARN Act; and Defendants failed to pay the Class members wages and to provide other employee benefits for the sixty (60) day period following their respective terminations.

30. The questions of law and fact common to the members of the Class, as above noted, predominate over any questions affecting only individual members, and thus, this Class claim is superior to other available methods for the fair and efficient adjudication of this controversy.

31. The Plaintiffs' claims are typical of the claims of other members of the Class in that for each of the several acts described above.

32. The Plaintiffs will fairly and adequately protect and represent the interests of the Class.

33. The Plaintiffs have the time and resources to prosecute this action and has retained counsel who have had extensive experience in matters involving employee rights, the WARN Act, class action litigation and bankruptcy court litigation.

34. The Class is so numerous as to render joinder of all members impracticable as there are approximately 2600 persons who are included in the Class.

35. The Class meets the requirements of Fed. R. Civ. P. 23(a) for class certification.

36. The Class meets the requirements of Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and

efficient adjudication of the controversy.

37. No Class member has an interest in individually controlling the prosecution of a separate action under the WARN Act.

38. No litigation concerning the WARN Act rights of any Class member has been commenced in this Court.

39. Concentrating all the potential litigation concerning the WARN Act rights of the Class members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the Class members.

40. On information and belief, the identities of the Class members are contained in the books and records of Defendants.

41. On information and belief, a recent residence address of each of the Class members is contained in the books and records of Defendants.

42. On information and belief, the rate of pay and benefits that were being paid by Defendants to each Class member at the time of his/her termination are contained in the books and records of Defendants.

43. As a result of Defendants' violation of the WARN Act, the Plaintiffs and the other members of the Class have been damaged in amounts equal to the sum of: (a) their respective lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, 401(k) contributions for sixty (60) days; (b) the health and medical insurance and other fringe benefits that they would have received or had the benefit of receiving, for a period of sixty (60) days after the dates of their respective terminations; and (c) medical expenses incurred during such period by such persons that would have been covered and paid under the then applicable employee benefit plans had

that coverage continued for that period.

## THE CLAIM FOR RELIEF

44. At all relevant times, the Defendants employed 100 or more employees (exclusive of part-time employees, i.e., those employees who had worked fewer than 6 of the 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 60 day period prior to the date notice was required to be given (the "Part-Time Employees")), or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

45. At all relevant times, each Defendant was an "employer," as that term is defined in the WARN Act and continued to operate as a business until it determined to order a mass layoff and/or plant closing at the Facilities.

46. On or about February 20, 2024 and thereafter the Defendants as a single employer ordered a "mass layoff" and/or "plant closing" at the Facilities, as that term is defined by the WARN Act.

47. The mass layoff and/or plant closing at the Facilities resulted in "employment losses," as that term is defined by the WARN Act for at least fifty (50) of Defendant's employees as well as 33% of Defendants' workforce at the Facilities, excluding "part-time employees," as that term is defined by the WARN Act.

48. The Plaintiffs and each of the other members of the Class were discharged by the Defendants without cause on his or her part as part of or as the reasonably foreseeable result of the plant closing ordered by the Defendants at the Facilities.

49. The Plaintiffs and each of the other members of the Class are "affected employees" of the Defendants within the meaning of the WARN Act.

50. The Defendants were required by the WARN Act to give the Plaintiffs and each of the other members of the Class at least 60 days' advance written notice of his or her termination.

51. The Defendants failed to give the Plaintiffs and other members of the Class written notice that complied with the requirements of the WARN Act.

52. The Plaintiffs and each of the other members of the Class are "aggrieved employees" of the Defendants as that term is defined in the WARN Act.

53. The Defendants failed to pay the Plaintiffs and each of the other members of the Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

54. The relief sought in this proceeding is equitable in nature.

**WHEREFORE**, Plaintiffs on their own behalf and on behalf of each of the other Class members demand judgment, jointly and severally, against Defendant as follows:

A. An allowed priority claim pursuant to 11 U.S.C. § 507(a)(4) and (5) up to $15,150 against Defendants in favor of the Plaintiffs and Class members equal to the sum of: (a) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for a maximum of 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. §2104(a)(1)(A), with any remainder as a general unsecured claim;

B.	A judgment against Defendants in favor of the Plaintiffs and the other Class members for the sum of: (a) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for a maximum of 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. §2104(a)(1)(A);

C.	Certification that the Plaintiffs and the other Class members constitute a single class;

D.	Appointment of the undersigned attorneys as Class Counsel;

E.	Appointment of Plaintiffs as the Class Representatives and payment of reasonable compensation to them for their services as such;

F.	An allowed claim against Defendants for the reasonable attorneys' fees and the costs and disbursements that the Plaintiffs incur in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6);

G.	Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

February 23, 2024

By: _/s/ Jason C. Webster_
**WEBSTER VICKNAIR MACLEOD**
Jason C. Webster
Federal Bar No. 39010
Texas Bar No. 24033318
6200 Savoy Drive, Suite 150
Houston, Texas 77036
713.581.3900 (telephone)
713.581.3907 (facsimile)
filing@wvmlaw.com

16

THE GARDNER FIRM, P.C.
Mary E. Olsen (OLSEM4818)
M. Vance McCrary (MCCRM4402)
The Gardner Firm, P.C.
182 St. Francis Street, Suite 103
Mobile, AL 36602
Telephone: (251) 433-8100
Facsimile: (251) 433-8181

LANKENAU & MILLER, LLP
Stuart J. Miller (SJM 4276)
100 Church Street
8th Floor
New York, NY 10007
O: (212) 581-5005

Cooperating Counsel for
THE NLG MAURICE AND JANE SUGAR
LAW CENTER FOR ECONOMIC AND
SOCIAL JUSTICE, a non-profit law firm
4605 Cass Ave.
Detroit, Michigan 48201
P:(313) 993-4505

*Counsel for Plaintiffs and Proposed Class*